lee, elmer edward v. state 






                     NO. 12-05-00103-CR
NO. 12-05-00104-CR
NO. 12-05-00105-CR

IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS


EMMETT LEE SIMPSON, SR.,                       §     APPEAL FROM THE 173RD
APPELLANT

V.                                                                         §     JUDICIAL DISTRICT COURT OF

THE STATE OF TEXAS,
APPELLEE                                                        §     HENDERSON COUNTY, TEXAS



                                                     MEMORANDUM OPINION
PER CURIAM
            These appeals are being dismissed for want of jurisdiction. Appellant was convicted of the
offenses of aggravated sexual assault of a child (trial court cause number A-11,328), indecency with
a child (trial court cause number A-11,329), and indecency with a child by exposure (trial court cause
number A-11,330). Punishment was assessed at imprisonment for life, twenty years, and five years,
respectively. Texas Rule of Appellate Procedure 26.2 provides that an appeal is perfected when
notice of appeal is filed within thirty days after the day sentence is imposed or suspended in open
court unless a motion for new trial is timely filed. Where a timely motion for new trial has been
filed, notice of appeal shall be filed within ninety days after the sentence is imposed or suspended
in open court. Id. Appellant’s sentences were imposed on February 26, 2004, and he did not file
a motion for new trial. Therefore, his notice of appeal was due to have been filed on or before
March 29, 2004. However, Appellant did not file his notice of appeal until March 10, 2005. 
Moreover, Appellant did not file a timely motion for extension of time to file his notice of appeal
as authorized by Texas Rule of Appellate Procedure 26.3. 
             On March 21, 2005, this Court notified Appellant, pursuant to appellate rules of procedure
26.2 and 37.2, that the clerk’s record did not show the jurisdiction of this Court, and it gave him until
March 31, 2005 to correct the defect. In response, Appellant filed a request with this Court for
permission to file an out-of-time notice of appeal. However, this Court has no authority to allow the
late filing of a notice of appeal except as provided by Rule 26.3. Therefore, the appeals must be
dismissed. See Slaton v. State, 981 S.W.2d 208 (Tex. Crim. App. 1998). 
            The appeals are dismissed for want of jurisdiction. 
Opinion delivered April 6, 2005.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.










(DO NOT PUBLISH)